UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL COVINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:13-cv-01066-TWP-DML |
| ) | |
| STATE OF INDIANA, MARION COUNTY ) | |
| COMMUNITY CORRECTIONS, MARION ) | |
| COUNTY SHERIFF'S DEPARTMENT, ) | |
| MARION COUNTY SUPERIOR COURT F- ) | |
| 15, I.U. SUBJECTS (HUMAN) OFFICE, ) | |
| MARION COUNTY PUBLIC DEFENDERS ) | |
| OFFICE, ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Complaint and Directing Entry of Final Judgment**

**I.**

The plaintiff's motion for leave to proceed *in forma pauperis* [Dkt. 8] is **granted.**

**II.**

Plaintiff Michael Covington, ("Covington") an inmate at the Marion County Jail, has filed a complaint in which he seeks an emergency request for immediate hearing due to life threatening public corruption of multiple Marion County Departments. Because the suit is filed *in forma pauperis,* the Court must screen the complaint and must dismiss the complaint or portions thereof that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Mr. Covington alleges that in November 24, 2012, he enrolled in a "healthy me" at home weight loss management study sponsored by Indiana University Human Subjects Office. The study placed patients in danger. The individuals conducting the study misappropriated funds and materials of the study. They sought money from Mr. Covington, hacked into his home computer, harassed and attempted to kidnap him. These activities were reported to the police and FBI. When Mr. Covington filed a formal complaint with the human subjects' office, the study was closed indefinitely and numerous employees lost their jobs.

The Marion County Sheriff's Department then moved to bring charges against Mr. Covington to cover up the crimes committed by Dr. Clark and Indiana University. At least two felony charges were falsified to secure Mr. Covington's unlawful arrest. Marion County employees, including Superior Court Judges were paid off with money from Indiana University study grants.

The Judge assigned to Mr. Covington's case is acting improperly and should recuse himself because he and the prosecutor are sexually involved; Mr. Covington exposed that the Judge's son stole money from the Masonic Order, and the Judge previously sought to date Mr. Covington's married niece but Mr. Covington refused to make the connection even though the Judge offered Mr. Covington money to do so.

At the jail, Mr. Covington has been denied pain medication and placed in a cell with mentally unsound offenders. On May 6, 2013, jail employees hid Mr. Covington in a freezing cold cell expecting him to die but he was discovered by a black woman who apparently remedied the situation. Later an officer pointed a tazer at him causing him to fall head first into the wall.

Mr. Covington seeks $250 million dollars, a "brand new home in a location of plaintiff's choice" that meets certain additional specifications, a two-year rental car from Enterprise car rental, injunctive relief to end serious life endangerment and release from prison.

### III.

A complaint that is wholly insubstantial does not invoke the district court's subject-matter jurisdiction. See *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998); *African-American Slave Descendants Litig.*, 471 F.3d 754, 757 (7th Cir. 2006). When it becomes clear that a suit filed *in forma pauperis* is irrational or delusional, the district court is required to dismiss it. See 28 U.S.C. § 1915A(b); *Ezike v. National R.R. Passenger Corp.*, 2009 WL 247838, 3 (7th Cir. 2009). A dismissal for frivolousness under § 1915 does not require a judge to accept fantastic or delusional factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 327–28, 330 (1989); *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002).

Although Mr. Covington has outlined a series of wrongs committed against him, the allegations are simply too fanciful to allow the complaint to proceed. Further, Mr. Covington's allegations lack arguable basis in fact, therefore inviting Mr. Covington to file an amended complaint would be futile. See *Neitzke*, 490 U.S. at 329–30. Because the allegations in the complaint are so fanciful that they fail to engage the court's subject-matter jurisdiction, dismissal of this action shall be with prejudice. See *Ezike*, 2009 WL 247838 at *3 (citing *AfricanAmerican Slave Descendants Litig.*, 471 F.3d at 758, 763.).

In addition, to the extent Mr. Covington's claim that his custody is unlawful is not frivolous, such a claim is not appropriate in this case. A request for release from confinement must be brought in an appropriate collateral challenge and cannot become an adjunct of a civil rights lawsuit. See *Abella v. Rubino,* 63 F.3d 1063, 1066 (11th Cir. 1995). Further Mr.

Covington's civil rights complaint cannot be converted by judicial fiat into an action for a writ of habeas corpus. *Moore v. Pemberton,* 110 F.3d 22 (7th Cir. 1997); *Copus v. City of Edgerton,* 96 F.3d 1038 (7th Cir. 1996).

Given the dismissal of this action, the motion to appoint counsel [Dkt. 9] is **denied.**

Judgment consistent with this Entry shall now be issued.

**IT IS SO ORDERED.**

Date:  07/23/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

MICHAEL COVINGTON
#212781
MARION COUNTY JAIL
Inmate Mail/Parcels
40 South Alabama Street
Indianapolis, IN 46204